Filed 7/15/15  P. v. Bennett CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C075786 |
| Plaintiff and Respondent, | (Super. Ct. No. 12CR19373) |
| v. | |
| RALPH BENNETT, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment. However, we noticed an error in the abstract of judgment and order that it be corrected.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Defendant Ralph Bennett pleaded no contest to assault with a firearm upon a peace officer (Pen. Code, § 245, subd. (d)(1); count one)[2] and assault with a knife upon Jason Revell (§ 245, subd. (a)(1); count two), and admitted an allegation that he personally used a firearm in the commission of count one (§ 12022.5, subds. (a) & (d)). In exchange, several related counts and allegations were dismissed with a *Harvey* waiver.[3]

Defendant was sentenced to prison for a stipulated term of 10 years; awarded 619 days' custody credit and 92 days' conduct credit (§ 2933.1); and ordered to pay a $2,400 restitution fine (§ 1202.4), a $2,400 restitution fine suspended unless parole is revoked (§ 1202.45), an $80 court operations fee (§ 1465.8, subd. (a)(1)), a $60 court facilities assessment (Gov. Code, § 70373), a $63.50 booking fee (Gov. Code, § 29550.1), and a $200 presentence investigation fee (§ 1203.1b).

On March 25, 2012, Jessica Buntt and her boyfriend Jason Revell were drinking at a bar in Jackson. Defendant, who was present, behaved in a manner that prompted Buntt to kick him in the groin. Because defendant responded by laughing, Buntt believed he was not angry and joked that she would kick him again. Defendant responded that, if she did, he would stab her and displayed a knife. Revell intervened and told defendant to leave.

---

[1] Because the matter was resolved by plea, our statement of facts is taken from the prosecutor's motion in limine and oral remarks at the plea hearing.

[2] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

Defendant left the bar and Revell followed. Defendant pushed Revell away and then used his right hand to punch Revell. When defendant retracted his hand, a witness observed that it held a bloody knife. Revell reentered the bar with an injury to his neck.

Responding officers went to defendant's residence where they observed him through the partially open front door. When they asked defendant to come outside he told them to leave unless they had a warrant or else they would " 'catch a bullet.' "

The front door reopened a half inch and, when an officer pushed it further open, an officer observed defendant pointing a gun at another officer. Both officers fired their weapons at defendant, but he was not hit and did not fire his weapon.

Defendant evidently fled to the bedroom where he secreted his gun under a mattress. Officers took defendant into custody and retrieved a loaded and cocked revolver from the bedroom.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We note that the amended abstract of judgment filed September 15, 2014, does not include the booking fee or the presentence investigation fee. We direct the trial court to correct the amended abstract to include these items as "other orders."

3

**DISPOSITION**

The judgment is affirmed.  The trial court is directed to correct the amended abstract of judgment to include the booking and presentence investigation fees and to forward a certified copy to the Department of Corrections and Rehabilitation.


                              MURRAY          , J.



We concur:



       RAYE          , P. J.



       HOCH          , J.

4